Jorge H. MARULANDA, Petitioner,

v.

Alberto R. GONZALES, Attorney General,[1] Respondent.

No. 04–3661–ag.

United States Court of Appeals, Second Circuit.

March 14, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

Glenn T. Terk, Wethersfield, Connecticut, for Petitioner.

Kevin J. O'Connor, United States Attorney for the District of Connecticut, Michael E. Runowicz, Assistant United States Attorney, William J. Nardini, Assistant United States Attorney, New Haven, Connecticut, for Respondent, of counsel.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Jorge Marulanda, through counsel, petitions for review of the BIA's denial of his application for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA issues an affirmance without opinion, we review the IJ's decision directly. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). Here, substantial evidence supports the IJ's well-reasoned adverse credibility determination.

First, the IJ reasonably held that it was an implausible assertion by Marulanda that the asylum officer who conducted his asylum interview would ask him only one question. The IJ explained that it was "hard to believe that, based on the internal inconsistencies in his asylum application, there would only be one question asked." We agree.

The IJ also found that it was evident from the asylum officer's notes that Marulanda had been asked more than one question. We do not address the reliability of the information contained in the asylum officer's notes, only the manner in which it was obtained. Here, we note that although the questions in the notes appear to be from a standardized form that is not specific to Marulanda, they nevertheless consist of over two dozen short inquiries, most of which are followed by hand-written responses that directly relate to him. It was therefore reasonable for the IJ to conclude that more than one question had been asked during the asylum interview.

Next, the IJ reasonably found that Marulanda's testimony about his membership in a union of businessmen was unbelievable because he knew little information about the organization, and did not know whether it still existed. There was also no error in the IJ's finding that Marulanda lacked necessary available evidence of his membership in the union, where he had regular contact with multiple family members in Columbia, and where he was able to secure five affidavits from members of his community to support of his asylum claim.

Despite any minor errors in the IJ's adverse credibility determination, that decision must be upheld. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 162 (2d Cir.2006); *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395 (2d Cir.2005) (stating that the Court will uphold an adverse credibility determination, in spite of errors, *inter alia,* if "the adjudicator relied so little on the error-infected aspect of its reasoning, that there is no realistic possibility of a different result on remand, or ... the evidence so overwhelmingly supports the IJ's finding that, notwithstanding identified errors, there is no realistic possibility of a different result on remand"). Based on a proper adverse credibility determination, the IJ reasonably found that Marulanda failed to meet his burden of proof for asylum, withholding of removal or CAT relief.

Accordingly, Marulanda's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).